UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Case No.: 6:20-cv-0303-ADA

PRECIS GROUP LLC,
 *Plaintiff*,

v.

TRACFONE WIRELESS, INC.,
 *Defendant*.
_____/

**DEFENDANT TRACFONE'S OPPOSED
MOTION TO STAY PENDING TRANSFER**

  Defendant TracFone Wireless, Inc. ("TracFone") moves this court for a stay of proceedings pending resolution of the venue motion it filed (ECF No. 12), which is fully briefed and ready for decision. A stay will allow this Court to decide all issues of transfer and thereby ensure that the Court which will ultimately decide summary judgement motions and, if necessary, try the case will have the benefit of learning the technology and learning the patents in the *Markman* procedure thereby promoting judicial efficiency. Further, Plaintiff Precis Group LLC ("Precis") will suffer no prejudice from a short stay. With the *Markman* briefing beginning soon and the *Markman* hearing scheduled for January 6, 2021, this case should be stayed.

**I. BACKGROUND**

  This is a patent infringement case bought by Precis on April 21, 2020 (ECF No. 1). TracFone promptly moved for a change of venue on June 22, 2020 (ECF No. 12) and that motion has been fully-briefed ready for decision since TracFone filed its Reply brief on July 14, 2020 (ECF No. 17).

  This Court's Order Governing Proceedings (ECF No. 22) provides that the parties serve extrinsic evidence relating to *Markman* on October 9, 2020 and opening *Markman* briefs October 23, 2020 and that the *Markman* hearing occur January 6, 2021.

The exchange of infringement and invalidity contentions did not involve the Court and would be requested in initial discovery in any jurisdiction. However, as the *Markman* proceedings will now progress, the process and briefing will be different and will designed to comport with local requirements[1] and will be designed to educate the Court on the technology and the patents. Thus, the stay is now beneficial to both parties. TracFone has requested that Precis agree to the stay and Precis has declined to agree.

## II. THE CASE SHOULD BE STAYED PENDING A DECISION ON TRANSFER

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Federal Circuit has recognized the importance of staying cases during the pendency of transfer motions as a means of upholding 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and protect litigants, witnesses and the public against unnecessary inconvenience and expense…." *In re Google Inc.,* 2015 WL 5294800 at *1 (Fed. Cir. 2015) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter); *see also In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (noting "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case").

Indeed, the Federal Circuit and Fifth Circuit have instructed that transfer motions be prioritized before other substantive issues. *See In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003) ("[D]isposition of that [transfer] motion should have taken

---

[1] For example, this Court has requested that the usual explanation of claim construction law be eliminated because the Court is "very familiar" with it. *See* sample Order Governing Proceedings – Patent Case at 4. However, that would not be the usual way and another court presumably would want the *Markman* briefing, even if it is familiar with claim construction.

2

a top priority in the handling of this case."); *In re Apple Inc.,* 456 F. App'x 907, 908 (Fed. Cir. 2012) (faulting Apple for "delay" and "fail[ing] to employ any strategy to pressure the district court to act" to have the motion for transfer handled at the outset of litigation); *In re VTech Commc'ns, Inc.,* Misc. No. 909, 2010 WL 46332, at *1 (Fed. Cir. Jan. 6, 2010) (faulting VTech for not "actively and promptly" pursuing its motion to transfer before the district court invested time on discovery and claim construction).

A stay is warranted for, as the Federal Circuit has explained, in the context of a venue transfer motion, it "fully expect[ed]" the moving defendant to file "a motion to stay proceedings pending disposition of the transfer motion" and the district court "to act on those motions before proceeding to any motion on the merits of the action." *In re Fusion-IO*, 489 F. App'x 465, 466 (Fed. Cir. 2012).

In this District, courts typically consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.,* 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *Sparling v. Doyle*, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014) (using the same three-factor test and granting a stay pending consideration of a motion to transfer).[2] Here, all three factors favor a stay.

### 1. Factor One: A Stay Will Not Prejudice Precis

Precis will not suffer any prejudice if the case is stayed. First, TracFone is seeking a stay of a limited duration—only until the Court rules on TracFone's fully briefed motion to transfer.

---

[2] The three factor test that Judge Guaderrama used in *Sparling* and that Judge Pitman in turned relied on in *YETI Coolers* appears to have been first adopted in the Fifth Circuit in *Falgoust v. Microsoft Corp.*, 2000 WL 462919, at *2, n.13 (E.D. La. Apr. 19, 2000), where the court borrowed the test from *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.1997).

Further, Precis cannot claim prejudice—it has only requested money damages, not an injunction. (*See* ECF No. 1). In fact, TracFone has been using the accused system for many years and Precis waited about two-and-a-half years to file suit after Patent No. 9,813,5644 issued. *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (explaining that inherent delay associated with a stay, standing alone, does not establish undue prejudice).

Second, a patentee that can "be adequately compensated through a damages remedy" cannot show undue prejudice from a stay, and here Precis seeks only monetary relief. (ECF No. 1). *See NFC Tech.*, 2015 WL 1069111, at *5 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1318 (Fed. Cir. 2014)). And, prejudgment interest can be awarded to compensate for any delay in the payment of alleged damages. *See Raytheon Co. v. Samsung Elecs. Co.*, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016).

**2.     Factor Two: TracFone Will Suffer Hardship Absent a Stay**

Moving forward now with claim construction in this case risks a waste of judicial and party resources that the Federal Circuit warned against in *In re Google*. *In re Google Inc.,* 2015 WL 5294800 at *1-2. Indeed, if this case is transferred to the Southern District of Florida that court has its own local rules and the assigned judge will presumably have *Markman* procedures that differ from those employed by this Court. In addition, the transferee court may wish to conduct its own analysis and hearing, thus causing additional burden and expense. Conversely, staying the case would eliminate any risk of undue hardship.

**3.     Factor Three: A Stay Will Conserve Judicial Resources**

A stay pending a decision on the motions to transfer will conserve judicial resources. The *Markman* proceedings will likely include tutorials about the technology and details regarding the nuances of the claims. Thus, the *Markman* briefing and hearing will, by its very nature, educate the court regarding that technology and the details of the patents. Judicial resources dictate that any tutorial and any *Markman* briefing and

4

hearing be before the court that is to decide any summary judgement motions, *Daubert* motions, and other motions and is also to try the case.

### III. CONCLUSION

Allowing this case to proceed through substantive proceedings such as claim construction before ruling on TracFone's motion to transfer would be contrary to the Federal Circuit and Fifth Circuit guidance to prioritize motions to transfer. Conversely, entering a stay will conserve judicial resources and permit the Court who is to hear the case to have the benefit of *Markman* tutorials and argument. Therefore, this case should be stayed so transfer can be decided before other substantive issues are addressed.

Dated: October 1, 2020

*/s/ Aaron S. Weiss*

Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Carlton Fields. P.A.
100 S.E. Second St., Suite 4200
Miami, Florida 33131
Telephone: 305-530-0050

Ethan Horwitz (Admitted PHV)
Email: ehorwitz@carltonfields.com
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, New York 10174
Telephone: 212-380-9617

*Counsel for Defendant TracFone*