**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PRECIS GROUP LLC, | Case No. 6:20-cv-0303 |
| Plaintiff, | |
| v. | |
| TRACFONE WIRELESS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiff Precis Group LLC ("Plaintiff" or "Precis") respectfully submits this Response in Opposition to Defendant Tracfone Wireless, Inc.'s ("Defendant" or "Tracfone") Motion to Stay (Doc. No. 25) ("Motion") filed October 1, 2020, and, in support thereof, respectfully states as follows:

## I.      INTRODUCTION

Defendant's Motion should be denied.  Defendant merely seeks to unjustifiably delay the case through its request for stay.  Here, the case is progressing, with the parties having exchanged initial infringement and invalidity contentions, having identified claim terms for construction, and having exchanged preliminary constructions.  Granting stay would merely through the case off its course without any justification.

The District Court has "inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (*citing Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)).  As shown below, all of the factors pertinent to the Motion weigh against a stay.

1

## II.     ARGUMENT AND AUTHORITIES

**A. Legal Standard.**

When considering a motion to stay pending a decision on an underlying transfer motion, "courts in the Fifth Circuit typically consider: (1) the potential prejudice to the Plaintiff from a brief stay, (2) the hardship to the Defendant if the stay is denied, and (3) the judicial efficiency in avoiding duplicative litigation." *Solid State Storage Solutions, Inc. v. STEC, Inc. et al.*, No., 2:11-cv-391-JRG-RSP (E.D. Tex. Dec. 12, 2012)(*citing Nguyen v. BP Exploration & Prod. Inc.,* Case No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (granting motion to stay pending resolution of the transfer issue); *Esquivel v. BP Co. N.A*., Case No. B-10-237, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) (same).  The court must first "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

**B. A Stay Will Result in Prejudice to Plaintiff.**

Granting Defendants' Motion would cause substantial harm to Plaintiff.  For example—and especially in light of the fact that transfer is unwarranted in this case—staying this action will deny Plaintiff the opportunity to obtain a speedy resolution of its claims.  In addition, granting the Motion would cause injury to Plaintiff due to loss of potentially valuable witness testimony and evidence. *See, e.g.*, *Anascape, Ltd. v. Microsoft Corporation*, 475 F. Supp. 2d 612, 617 (E.D. Tex 2007) (finding that the potential loss of discovery if a stay were granted would place a plaintiff at a "severe tactical disadvantage").  Similarly, as this Court has already noted, imposing a stay "may impair a party's ability to present its case because as time passes, memories fade, witnesses move and costs increase." *Andrews v. United States*, Case No. 4:05-cv-419, 2007 U.S. Dist. LEXIS 58772, *5 (E.D. Tex. Aug. 10, 2007) (citing *McCall v. Peters*, 2003 U.S. Dist. LEXIS 8012, 2003 WL 22083507, *2 (N.D. Tex Feb. 18, 2003)).  This is even more so in this case.  In fact, Defendant

was recently acquired by Verizon, which is likely to result in changes may impact the availability of evidence in this case. As time passes, access to the witnesses who developed the accused instrumentality will likely diminish. Accordingly, if this action is barred from progressing Plaintiff's access to discovery in the form of witness testimony and documents generated related to the accused instrumentality will be jeopardized.

**C. A Denial of Stay Will Not Result in Hardship to Defendant.**

In this case a stay will not result in hardship to Defendant. The gist of Defendant's argument in this regard is that it would suffer hardship because it would be forced to defend the suit if the case were not stayed. Motion at 4. Being required to defend a lawsuit does not suffice as sufficient hardship to justify a stay. *D.C. v. Cty. of San Diego*, No. 15cv1868-MMA (NLS), 2017 U.S. Dist. LEXIS 57736 at * 5 (S.D. Cal. Apr. 14, 2017). Accordingly, this factor does not weigh in favor of stay.

Even if the case were to be transferred—although it should not be—the claim construction process the parties are currently engaged in will only result in streamlining the issues for the transferee court. Furthermore, even if the transferee court were to have differing procedures regarding claim construction—all of the efforts of the parties thus far would be useful in any court's claim construction effort. Denying a stay would not result in a waste of resources. In fact, it would only result in continuing to streamline issues and progress this case towards trial.

**D. A Stay Will Not Promote Judicial Efficiency.**

Granting Defendants' Motion would not promote judicial efficiency or serve the public interest. Judicial economy and case management concerns "standing alone [are] not necessarily [] sufficient ground[s] to stay proceedings." *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Furthermore, assuming, *arguendo*, that the Court grants

the Motions to Transfer (despite its lack of merit), claim construction efforts currently underway will be useful to in any transferee Court. If anything, denying a stay will promote judicial economy. Thus good cause does not exist to justify the stay of this case, regardless of whether or not Defendants' Motion is granted.

**E. Conclusion**

For the foregoing reasons, Defendant's motion to stay should be denied. None of the factors relevant to determining if a stay is appropriate weighs in favor of granting the Motion.

DATED October 8, 2020.                    Respectfully submitted,

By: */s/ Neal G. Massand*
Neal G. Massand
Texas Bar No. 24039039
nmassand@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4601
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF**
**PRECIS GROUP LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, Waco Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Neal G. Massand*
Neal G. Massand