UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Case No.: 6:20-cv-0303-ADA

PRECIS GROUP LLC,

    *Plaintiff,*

v.

TRACFONE WIRELESS, INC.,

    *Defendant.*

_____/

### DEFENDANT TRACFONE'S REPLY IN FUTHER SUPPORT OF ITS OPPOSED MOTION TO STAY PENDING TRANSFER

Defendant TracFone Wireless, Inc. ("TracFone") has moved this court (ECF No. 25) for a stay of proceedings pending resolution of the venue motion. Plaintiff Precis Group LLC. ("Precis") opposed this motion (ECF No. 26), but in its response, Precis raised theoretic issues but did not point out how those theoretical issues relate to this case. Further, Precis did not refute the issues raised in the motion which point out why a stay is warranted here. TracFone now submits this reply memorandum in support of its Motion to Stay.

Initially, TracFone pointed out that the Federal Circuit has recognized the importance of staying cases during the pendency of transfer motions as a means of upholding 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and protect litigants, witnesses and the public against unnecessary inconvenience and expense...." *In re Google Inc.,* 2015 WL 5294800, at *1 (Fed. Cir. 2015). Yet, Precis did not address this issue, let alone refute it. Precis has thus waived any argument as to the applicability of this guiding principal.[1]

---

[1] *See Washburn v. Texas*, 2008 WL 3243880, at *7 (W.D. Tex. Aug. 6, 2008) ("Because Plaintiff failed to address Defendants' arguments, she has waived the grounds upon which she could have responded"); *CardSoft LLC v. VeriFone, Inc.*, 807 F.3d 1346, 1353 (Fed. Cir. 2015) ("[The appellant] did not respond to this argument in its responsive brief on appeal. …Arguments that are not appropriately developed in a party's briefing may be deemed waived. …By failing to respond to [the appellee's] argument in the briefing, [the appellant] has effectively conceded that [argument].") (internal citations omitted);

As to the first factor to be considered in granting a stay, prejudice to Precis, Precis claims it will be prejudiced because the delay caused by the stay will result in the loss of valuable testimony and evidence and that the delay will risk loss of memory by witnesses. Yet, Precis does not point out any such witnesses or evidence; it merely throws out a theoretical argument with no relationship to this case.

But even if there were witnesses identified, this is not a real risk because TracFone is seeking a stay of a limited duration, only until the Court rules on the venue motion, which has been fully briefed for almost three months. And, as pointed out in TracFone's motion, this decision should take priority and therefore should be decided soon.

Further, as pointed out, Precis cannot claim prejudice in a delay because it has only requested money damages, not an injunction. And, prejudgment interest can be awarded to compensate for any delay in the payment of alleged damages. Precis does not address these issues, let alone refute them.

Precis points out that TracFone was recently acquired by Verizon and this may somehow "impact the availability of evidence." Precis never explains the connection between loss of evidence and the acquisition—and for good reason, there is no such connection. All evidence will be available regardless.

As to the second factor to be considered in granting a stay, TracFone's hardship, TracFone pointed out that if this case is transferred to the Southern District of Florida, that court has its own local rules and will have *Markman* procedures that differ from those employed by this Court, thus causing additional burden and expense. Precis argues that the efforts in this case will "streamline" the procedure for the transferee court.  Yet, with such different procedures, much of the effort in preparing for *Markman* before transfer will be wasted.

---

*Advocare Intern. L.P. v. Horizon Labs., Inc.*, 2005 WL 1832116, at *4, n. 7 (N.D. Tex. Aug. 2, 2005) ("Plaintiff did not respond to [Defendant's] arguments that the receipts are not impermissible gratuities, or commissions....The Court construes Plaintiff's failure to respond as a concession.") (citing *Carter v. Johnson*, 131 F.3d 452, 464, 465-66 (5th Cir.1997) (failure to raise an issue before the district court is deemed waived)).

As to the third factor in determining a stay, conserving judicial resources, TracFone pointed out that the *Markman* proceedings will, by its very nature, educate the deciding court regarding the technology and the details of the patents. Judicial resources dictate that any tutorial and any *Markman* briefing and hearing be before the court that is to decide any summary judgement or other motions, and is to try the case. Precis does not address this issue but only repeats its argument that any *Markman* proceedings will streamline the case if transferred.

In sum, allowing this case to proceed through substantive proceedings such as claim construction before ruling on TracFone's motion to transfer would be contrary to the Federal Circuit guidance to prioritize motions to transfer. Conversely, entering a stay will conserve judicial resources and permit the Court who is to hear the case to have the benefit of *Markman* tutorials and argument.

### CONCLUSION

For the reasons set forth herein and in TracFone's motion, this case should be stayed so transfer can be decided before other substantive issues are addressed. A proposed order is attached as **Exhibit 1.**

Dated:  October 12, 2020         By: _/s/ Aaron S. Weiss_

Aaron S. Weiss (FL Bar #48813)
Email:  aweiss@carltonfields.com
Carlton Fields, P.A
100 S.E. Second Street, Ste. 4200
Miami, Florida  33131
T: 305.530.0050 / F: 305.530.0055

Ethan Horwitz (admitted pro hac vice)
Email: ehorwitz@carltonfields.com
Carlton Fields, P.A
405 Lexington Avenue, 36th Floor
New York, New York 10174
T:  212.380.9617 / F: 212.785.5203

*Attorneys for Defendant TracFone*