UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION
Case No.: 6:20-cv-0303-ADA

PRECIS GROUP LLC,
    *Plaintiff*,

v.

TRACFONE WIRELESS, INC.,
    *Defendant*.
_____/

## DEFENDANT TRACFONE'S OPPOSED MOTION FOR DECISION ON ITS PENDING VENUE MOTION PRIOR TO THE *MARKMAN* HEARING

Defendant TracFone Wireless, Inc. ("TracFone") moves for a decision on its pending Motion to Dismiss For Improper Venue or to Transfer to the Southern District of Florida (the "Venue Motion") [ECF No.12] prior to the *Markman* hearing, which is scheduled to be conducted via Zoom videoconference on December 29, 2020. [ECF No. 36].

Plaintiff opposes this motion, with the position that it "think[s] the Court should take up the motion to transfer as it sees fit."

TracFone filed the Venue Motion on June 22, 2020 and it has been is fully briefed and ready for decision since July 14, 2020. [ECF No. 17]. TracFone also moved to stay the case pending resolution of the Venue Motion. [ECF No. 25] and [ECF No. 27]. TracFone also noted its position that the Venue Motion should be resolved before the *Markman* proceeding in its initial *Markman* brief. [ECF No. 29, p. 1, fn. 2].

The Federal Circuit has repeatedly instructed that resolution of a venue motion should take priority over substantive portions of the case. *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("a trial court *must* first address whether it is a proper and convenient venue before addressing any substantive portion of the case") (emphasis added) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.2003) ("[The] motion [to

124432717.1

transfer] should have taken a top priority in the handling of this case by the…District Court.") (bracketed text and ellipsis in original); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (acknowledging the "importance of addressing motions to transfer at the outset of litigation").

And just last month, in a published opinion the Federal Circuit held that "[a]lthough district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion *should unquestionably* take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (emphasis added) (citing *In re Nintendo* and *In re EMC*); *accord Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (affirming the district court's decision to deny merits-related discovery pending ruling on a motion for change of venue); *Klein v. Silversea Cruises, Ltd.*, 2014 WL 7174299, at *2 (N.D. Tex. Dec. 16, 2014) (Horan, J.) (citing *Enplanar* and staying consideration of merits aspects of case pending resolution of venue challenge.).

TracFone therefore respectfully requests that the decision on the venue motion be issued prior to addressing the *Markman* aspect of the case.

| | |
|---|---|
| Dated: December 21, 2020 | By: s/ *Aaron S. Weiss* |
| | Aaron S. Weiss (FL Bar #48813)<br>Email: aweiss@carltonfields.com<br>Carlton Fields, P.A<br>100 S.E. Second Street, Ste. 4200<br>Miami, Florida 33131<br>T: 305.530.0050 / F: 305.530.0055 |
| | Ethan Horwitz (admitted *pro hac vice*)<br>Email: ehorwitz@carltonfields.com<br>Carlton Fields, P.A<br>405 Lexington Avenue, 36th Floor<br>New York, New York 10174<br>T: 212.380.9617 / F: 212.785.5203 |
| | *Attorneys for Defendant TracFone* |