NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**In re: TRACFONE WIRELESS, INC.,**
*Petitioner*

———————————————

2021-136

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00 303-ADA, Judge Alan D. Albright.

———————————————

## ON PETITION

———————————————

Before PROST, *Chief Judge*, O'MALLEY and WALLACH, *Circuit Judges*.

PROST, *Chief Judge*.

## O R D E R

This is the second petition for a writ of mandamus filed by TracFone Wireless, Inc. concerning its motion to transfer this patent infringement case brought by Precis Group LLC in the United States District Court for the Western District of Texas, Waco Division, to the United States District Court for the Southern District of Florida. On March 8, 2021, this court granted TracFone's first petition for a writ of mandamus and ordered the district court to stay all proceedings and decide the long-pending motion within 30

days. *In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353 (Fed. Cir. Mar. 8, 2021). Three days later, the district court denied the motion, rejecting two arguments TracFone now raises in this petition: (1) that venue was improper in the Western District of Texas and (2) that 28 U.S.C. § 1404(a) required transfer. Appx178. We now grant mandamus for a second time. We conclude that the district court clearly abused its discretion in denying transfer under § 1404(a). Having reached that conclusion, we do not address TracFone's improper-venue arguments.

I

Precis is a Delaware limited liability company with no disclosed place of business. Appx8. Precis owns four patents entitled "Secured Pre-Payment for Portable Communication Unit," which relate to systems and methods for pre-payment mobile device service. One of the inventors of the patents is Daniel Karvonen, who resides in Mankato, Minnesota. Appx108. In April 2020, Precis filed this suit, alleging that TracFone infringed the asserted patents by making, using, offering for sale, or selling prepaid phone cards through contracts. Appx15.

TracFone, a Delaware corporation with its principal place of business in Miami, Florida, moved to dismiss the action due to improper venue or, in the alternative, to transfer it to the Southern District of Florida. Appx80–81. On March 11, 2021, the district court denied the motion. Appx178. As to transfer under § 1404(a), the district court found that the relative ease of access to sources of proof factor weighed at least slightly in favor of transfer because the physical location of TracFone's documents were in Miami. Appx188. With regard to the compulsory process factor, the district court found that this transfer consideration neither weighed for nor against transfer, because no party had identified any unwilling witness. Appx190.

As to the willing witness factor, the district court acknowledged that TracFone's employees with knowledge

of the alleged infringement work at its headquarters in Miami, with TracFone "focus[ing] on four party witnesses" residing in Miami that would likely testify. *Id*. Although no party identified any witness residing in the Western District of Texas, the district court weighed this factor against transfer. Appx191. In support of that decision, the court explained that it "assumes that no more than a few party witnesses will testify." Appx190. The court added that there were two likely non-party witnesses who reside outside both districts—Mr. Karvonen as well as an attorney involved in the patent prosecution who resides in Arizona—who would have to travel "double" or "nearly double" the distance if the case were held in the Southern District of Florida as opposed to Waco, Texas. Appx189–91. The court further explained that those individuals were entitled to "significantly more weight" than the potential witnesses residing within the Southern District of Florida because the inventor and patent prosecution attorney were not employees of either party. Appx191.

Regarding the remaining transfer considerations, the district court found that the court congestion factor weighed slightly in favor of transfer, Appx192; the local interest factor weighed in favor of neither forum because "TracFone utilizes the allegedly infringing process throughout the nation," Appx193; and the remaining factors were neutral. On balance, the district court found that "the Southern District of Florida is slightly more convenient, but [does] not reach the level of clearly more convenient justifying transfer." Appx186. Accordingly, the district court denied TracFone's motion. TracFone then filed this petition for a writ of mandamus, seeking to reverse that order and direct the court to transfer.

II

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law." 28 U.S.C. § 1651(a). Before a court may issue the writ, three conditions must be satisfied: (1) the petitioner must have "no other adequate means to [obtain] the relief he desires"; (2) the petitioner must show that the right to the writ is "clear and indisputable"; and (3) the court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation and internal quotation marks omitted). In transfer cases, those requirements generally coalesce into one inquiry: whether the district court's denial of transfer amounted to a clear abuse of discretion under governing legal standards. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

We follow regional circuit law on § 1404(a) transfer motions. *Id.* The Fifth Circuit requires that when a movant "clearly demonstrate[s] that a transfer is '[f]or the convenience of parties and witnesses, [and] in the interest of justice,'" the district court "should" grant transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (citing § 1404(a)). "That determination is focused on a comparison of the relative convenience of the two venues based on assessment of the traditional transfer factors." *In re HP Inc.*, 826 F. App'x 899, 901 (Fed. Cir. 2020) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)). In asking whether the district court abused its discretion in making that determination, we look at whether it "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Volkswagen II*, 545 F.3d at 310 (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

## A

The district court appears to have rested its denial of TracFone's motion largely, if not entirely, on its conclusion that the willing witness factor weighed against transfer.

We agree with TracFone that the court's conclusion was clearly flawed. It was reached despite several of TracFone's likely employee witnesses residing in the transferee venue and without relying on the location of a single potential witness within or even close to Waco, Texas.

Instead, the district court based its conclusion on a rigid and formulaic application of "the Fifth Circuit's 100-mile rule," which resulted in a finding that "doubling the distance traveled would double the inconvenience to the non-party witnesses" in Arizona and Minnesota. Appx191. But that rule, when correctly applied, does not support the district court's determination.

In *Volkswagen II*, the en banc Fifth Circuit, relying on its earlier precedent, affirmed the principle that "'[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" 545 F.3d at 317 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). That earlier precedent explained the rule's rationale: the ultimate "task of scheduling fact witnesses" is "to minimize the time when they are removed from their regular work or home responsibilities." *Volkswagen I*, 371 F.3d at 205. This "gets increasingly difficult and complicated," that earlier precedent explained, "when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Id*.

In applying the 100-mile rule, this court has rejected a rigid approach that would produce results divorced from that underlying rationale. For example, in *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009), we held that "the '100-mile' rule should not be rigidly applied" where "witnesses . . . will be required to travel a significant distance no matter where they testify." We concluded that witnesses traveling from Europe, Iowa, and the East Coast

IN RE: TRACFONE WIRELESS, INC.

would only be "slightly more inconvenienced by having to travel to California" than to Texas. *Id.* at 1348.

Similarly, in *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020), we held that the Western District of Texas had erred in not weighing this factor in favor of transfer to the United States District Court for the Northern District of California where the parties' witnesses were located. We rejected the district court giving more weight to the fact that the inventors and patent prosecutor residing in New York would "need to travel a greater distance to reach" the Northern District of California than the Western District of Texas. *Id.* We did so on the ground that those non-party witnesses "will likely have to leave home for an extended period" whether or not the case was transferred, and thus those witnesses would only be slightly more inconvenienced by having to travel to California than to Texas. *Id.*

In this case, we see no basis to reach a different result than we reached in both *Genentech* and *Apple*: the district court clearly abused its discretion in concluding that the willing witness factor did not weigh in favor of transfer. The facts here are comparable if not indistinguishable from those in *Apple* and establish that the district court gave too much significance to the fact that the inventor and patent prosecutor live closer to the Western District of Texas than the Southern District of Florida, as each "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs" regardless of the venue. 979 F.3d at 1342. As in *Apple*, the district court here clearly misapplied the law in finding that any inconvenience to these individuals outweighed the convenience of having several party witnesses be able to testify at trial without having to leave home.

## B

Having rejected the district court's conclusion that the willing-witnesses factor did not weigh in favor of transfer, we readily conclude that the district court should have

granted TracFone's motion.  Indeed, the district court found that the Southern District of Florida was slightly more convenient than the Western District of Texas even with its (erroneous) conclusion that the willing witness factor weighed against transfer.

The district court itself concluded that the sources of proof and the court congestion factors favored transferring the case.  Moreover, the district court's conclusion that the local interest factor was neutral also appears to be incorrect.  The district court reasoned that TracFone utilizes the allegedly infringing process throughout the nation.  But this conclusion of neutrality ignores that the Southern District of Florida has far stronger local interest in the case than the Western District of Texas.  For example, TracFone operates the accused methods and systems relating to pre-payment from its headquarters located in the Southern District of Florida.  *See In re Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (explaining that "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor" (internal citations omitted)); *Genentech*, 566 F.3d at 1347; *see also Apple*, 979 F.3d at 1345 (holding that the district court erred by failing to give weight to the significant connections between a transferee venue and the events that gave rise to a suit).  Regardless, with several factors favoring transfer and no factor favoring keeping the case in the plaintiff's chosen forum, the district court's decision that the transferee venue was not clearly more convenient produced a patently erroneous result.

Given that conclusion, we grant TracFone's mandamus petition and issue the writ.

Accordingly,

IT IS ORDERED THAT:

8                          IN RE: TRACFONE WIRELESS, INC.


     TracFone's petition for a writ of mandamus is granted. The March 11, 2021 order is vacated, and the district court is directed to grant TracFone's motion to the extent that the case is transferred to the United States District Court for the Southern District of Florida under § 1404(a).

FOR THE COURT

April 20, 2021                    /s/ Peter R. Marksteiner
Date                             Peter R. Marksteiner
                                 Clerk of Court


s24